UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY J. GARCIA,

        Plaintiff,

v.                               CASE No. 8:13-CV-915-T-TGW

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.
_____

 O R D E R

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[1] Because the decision of the Commissioner of Social Security fails to assess functional restrictions arising from a moderate limitation in the plaintiff's social functioning, it will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was forty-five years old at the time of the most recent administrative hearing and who has a high school education, has worked relevantly as an office helper (Tr. 285). She filed a claim for

_____

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 21).

supplemental security income, alleging that she became disabled due to degenerative disc disease, bipolar disorder, emphysema, high cholesterol, back pain, and depression (Tr. 214).[2] The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "degenerative disc disease in the lumbar spine; chronic obstructive pulmonary disease (COPD); a mental impairment variously diagnosed as a bipolar disorder, a major depressive disorder, and an anxiety disorder; and a history of substance abuse" (Tr. 22). He concluded that, despite her impairments, the plaintiff is capable of performing light work "except she can only occasionally stoop, squat, kneel, crawl, and climb (but no ropes, ladders or scaffolds), and should have no exposure to industrial dust, fumes or smoke. She is also limited to simple work, defined as 1-4 step tasks" (Tr. 24). The law judge determined that, with these limitations, the plaintiff could not return to her past work (Tr. 29). However, based on the

---

[2]The plaintiff also filed an application for Social Security disability benefits. That application is not at issue in this action because, as the Commissioner points out, the plaintiff has amended her disability onset date to a time long after she was insured for disability benefits (Doc. 20, p. 1 n.1).

testimony of a vocational expert, the law judge concluded that jobs exist in significant numbers in the national economy that the plaintiff could perform, such as retail marker, assembler, and cafeteria server (Tr. 29-30). The law judge therefore decided that the plaintiff was not disabled (Tr. 31). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

A.  In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months."   42 U.S.C. 1382c(a)(3)(A).   A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 416.920. The initial question is whether the plaintiff is engaged in substantial gainful activity because, if so, the plaintiff will be found not disabled. 20 C.F.R. 416.920(b). If not, the next inquiry (step two) is whether a claimant has a severe impairment. 20 C.F.R. 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 416.921(a). If there is not a severe impairment, then a claimant is deemed to be not disabled. 20 C.F.R. 416.920(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work.

20 C.F.R. 416.920(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national economy. 20 C.F.R. 416.920(g).

### III.

The plaintiff challenges the law judge's decision on three grounds. Specifically, the plaintiff contends that the law judge: (1) did not assess properly the medical opinions; (2) failed to account for the plaintiff's moderate limitations in social functioning and concentration, persistence, or pace in his residual functional capacity assessment; and (3) improperly discounted the plaintiff's credibility. The plaintiff's second issue, as it pertains to social functioning, has merit and warrants reversal.

The law judge, in considering whether the plaintiff had a severe impairment, found that the plaintiff had "a mental impairment variously diagnosed as a bipolar disorder, a major depressive disorder, and an anxiety disorder" (Tr. 22). He determined that the plaintiff's mental impairment resulted in moderate difficulties in social functioning and concentration, persistence, or pace (Tr. 23). However, in connection with the determination

-6-

of the plaintiff's residual functional capacity, which is employed at steps four and five of the sequential analysis, the law judge concluded that the plaintiff's mental impairment required a limitation of only "simple work, defined as 1-4 step tasks" (Tr. 24).

The findings of broad functional limitations at step two of the sequential analysis do not represent the plaintiff's residual functional capacity (RFC). Rather, those findings need to be converted into more precise functional limitations. "The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories" found in the four functional areas used at step two. Social Security Ruling 96-8p, 1996 WL 374184 at *4 (S.S.A.). The law judge expressly acknowledged this requirement (Tr. 24). Accordingly, the law judge purported to translate the broad functional limitations into his residual functional capacity assessment (id.).

However, the only mental functional limitation in the residual functional capacity finding was a restriction to "simple work, defined as 1-4 step tasks" (id.). While that limitation is sufficient to cover a finding of

moderate limitation in concentration, persistence, or pace, see, e.g., Scott v. Commissioner of Social Security, 495 Fed. Appx. 27 (11th Cir. 2012); Jarrett v. Commissioner of Social Security, 422 Fed. Appx. 869, 872 (11th Cir. 2011), it does not account for a moderate limitation in social functioning. Typically, when there is a moderate limitation in social functioning, law judges will include in the residual functional capacity determination a restriction regarding contact with the general public, co-workers, or supervisors. There was no such restriction in this case. In all events, there is no functional restriction in the residual functional capacity determination that even remotely covers a moderate limitation in social functioning.

The significance of the flawed residual functional capacity finding is reflected in the law judge's hypothetical question to the vocational expert. Thus, the answer relied upon by the law judge to find that the plaintiff can perform the jobs of retail marker, assembler, and cafeteria server was based upon a hypothetical question that did not include any limitation regarding the plaintiff's difficulties in social functioning (Tr. 79). This circumstance requires reversal in this case. See Winschel v. Commissioner of Social Security, 631 F.3d 1176, 1180-81 (11th Cir. 2011). The district

-8-

court record shows that the error in Winschel was that, although the law judge found that the plaintiff had a moderate limitation in concentration, persistence, or pace, the hypothetical question to the vocational expert contained no restriction regarding that limitation.  See Case No. 6:08-CV-1750-DAB (Doc. 14, p. 12).  The Eleventh Circuit concluded that this deficiency warranted reversal.

In this case, the law judge accounted for the finding of a moderate limitation in concentration, persistence, or pace by including a restriction to simple work.  However, he failed to account for the moderate limitation in social functioning in his residual functional capacity determination.

In sum, the law judge could not find, as he did, that the plaintiff had moderate difficulties in social functioning, and also fail to find any corresponding functional limitations.  Consequently, a remand is warranted.

As indicated, the plaintiff raises other challenges to the law judge's decision.  In view of the remand, it is unnecessary (and probably inappropriate) to address those contentions, since following the remand a new decision will be issued and the specific challenges may be rendered moot.  Notably, the plaintiff makes no meaningful argument that the other

contentions support at this stage an award of benefits.  In fact, the plaintiff's

conclusion says, "[f]or the reasons stated above, the Decision of the Defendant

should be reversed and remanded for further consideration" (Doc. 18, p. 22).

It is, therefore, upon consideration,

ORDERED:

That the Commissioner's decision is hereby **REVERSED**, and

the matter is **REMANDED** for further consideration.  The Clerk shall enter

judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this _____ day of

August, 2014.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE